```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SAGE-EL,                                          :
                                                  :
                              Plaintiff,          :
                                                  :     MEMORANDUM & ORDER
            -against-                             :
                                                  :     15-cv-4895 (ENV) (ST)
P.O. FINNO, P.O. WEINSTEIN, P.O. BEERS,           :
SGT. RICE, P.O. RENO, and SGT. VIGILANCE,         :
                                                  :
                              Defendants.         :
------------------------------------------------------------ :
SAGE-EL,                                          :
                                                  :
                              Plaintiff,          :
                                                  :     MEMORANDUM & ORDER
            -against-                             :
                                                  :     15-cv-5606 (ENV) (ST)
P.O. NIEVES, P.O. MCLAINE, and P.O. OKUZU,        :
                                                  :
                              Defendants.         :
------------------------------------------------------------x
```

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 18 2017 ★
BROOKLYN OFFICE

VITALIANO, D.J.

In these two related actions, *pro se* plaintiff Sage-El, formerly known as Winston Gregory Hall, alleges that he was falsely arrested and subjected to excessive force by various NYPD officers on three separate occasions. Defendants have moved to dismiss both actions for failure to prosecute, pursuant to Federal Rules of Civil Procedure 41(b) and 37(b)(2)(A)(v). For the reasons discussed below, both motions are granted, in their entirety.

<u>Background</u>

On July 13, 2016, during the initial conference covering both actions, Magistrate Judge Steven L. Tiscione, in line with pre-trial management practices universally followed, ordered plaintiff and defendants to exchange certain initial discovery disclosures. The exchange was to be completed at the next status conference, which was scheduled for August 19, 2016. *See* Case



1

No. 15-cv-4895 ("*Finno*"), ECF Dkt. No. 42; Case No. 15-cv-5606 ("*Nieves*"), ECF Dkt. No. 27. A copy of the minute entry for the July 13, 2016 conference was mailed to Sage-El, which re-confirmed Judge Tiscione's oral order that he "must produce [his] initial disclosures under Rule 26(a) at the August 19 status conference." *Finno*, ECF Dkt. Nos. 42, 43; *Nieves*, ECF Dkt. Nos. 27, 28.

Defendants complied with Judge Tiscione's discovery order, giving their disclosures to plaintiff during the August 19, 2016 conference. *See Finno*, ECF Dkt. No. 44; *Nieves*, ECF Dkt. No. 31. Sage-El, however, did not turn over his reciprocal disclosures at the conference—nor did he make any effort to do so, nor did he make a request for more time to do so. *See Finno*, ECF Dkt. No. 44; *Nieves*, ECF Dkt. No. 31. Instead, he spent the majority of the August 19, 2016 conference repeatedly declaring his baseless belief that Judge Tiscione lacks authority to preside over discovery in these actions. He demanded Judge Tiscione's recusal. With complete appropriateness on this record, Judge Tiscione denied plaintiff's request that he recuse himself, and patiently, thoroughly, and repeatedly explained the legal basis for his authority as a magistrate judge. *See Finno*, ECF Dkt. No. 46 and *Nieves*, ECF Dkt. No. 33 (collectively, Transcript of Aug. 19, 2016 Status Conference) at 3:24-9:5, 14:14-16, 15:16-19:7, 20:14-23:6, 25:5-26:20, 27:13-25, 28:17-30:14. At one point, Judge Tiscione even provided plaintiff paper copies of relevant provisions of the United States Code relating to the authority and role of magistrate judges. *See id.* at 20:14-23:6. Undeterred, Sage-El spent the remainder of the August 19, 2016 conference proclaiming—again and again—that he would not recognize Judge Tiscione's authority, and refusing to participate in any discussions about discovery or other subjects pertinent to the timely prosecution of these two cases. *See id.* at 25:5-26:20, 27:13-25, 28:17-30:14.

At the conclusion of the August 19, 2016 status conference, Judge Tiscione again ordered plaintiff to produce his initial disclosures to defendants, this time giving him until August 31, 2016 to comply. *See id.* at 26:24-27:1, 28:1-3 ("I'm directing plaintiff to provide defendant with the disclosures required under Rule 26(a). . . . Plaintiff is required—is directed to produce the required Rule 26(a) disclosures by August 31st."). As the record makes plain, Judge Tiscione expressly cautioned Sage-El that, if he failed to comply with this second discovery order, defendants could move to dismiss these cases for failure to prosecute. *See id.* at 28:4-10 ("If the disclosures are not made defendants should make a motion . . . . [for] dismissal in this case for failure to prosecute."). A copy of the minute entry for the August 19, 2016 status conference was, like the previous one, mailed to plaintiff, on that same day. *See Finno*, ECF Dkt. No. 45; *Nieves*, ECF Dkt. No. 32. The mailing reinforced Judge Tiscione's order that plaintiff "produce the required Rule 26(a) disclosures by August 31, 2016," and cautioned plaintiff—yet again— that his "continued failure to participate in discovery may result in sanctions up to and including dismissal for failure to prosecute." *Finno*, ECF Dkt. No. 44; *Nieves*, ECF Dkt. No. 31.

Like the previous discovery deadline that Judge Tiscione had set, the new and more than reasonable August 31, 2016 deadline came and went without Sage-El producing the required disclosures to defendants. The case not at all off his radar screen, instead of complying, plaintiff filed a letter entitled "Administrative Notice and Demand and Judicial Notice for Rebuttal to Civil Minutes Entry by Magistrate Judge Steven L. Tiscione," which appears to consist of plaintiff's line-by-line so-called but non-substantive "rebuttal" to the minute entry for the August 19, 2016 status conference. *Finno*, ECF Dkt. No. 47; *Nieves*, ECF Dkt. No. 34. To date, far more critically, plaintiff has not complied with any of Judge Tiscione's orders—nor has he provided any discovery to defendants.

It was upon these antecedents that, on October 18, 2016, defendants filed, in both cases, identical motions to dismiss for failure to prosecute. *See Finno*, ECF Dkt. No. 49; *Nieves*, ECF Dkt. No. 36. On November 7, 2016, this Court entered an Order to Show Cause, which instructed Sage-El that, "if [he] opposes [defendants' motions to dismiss for failure to prosecute], [he] shall show cause before this Court why the [motions] should not be granted, by filing a written opposition no later than December 6, 2016." *Finno*, ECF Dkt. No. 50; *Nieves*, ECF Dkt. No. 37. In the interim, plaintiff failed to appear at the separately scheduled November 16, 2016 status conference before Judge Tiscione. *See Finno*, ECF Dkt. No. 52; *Nieves*, ECF Dkt. No. 39. Then, on December 2, 2016, plaintiff filed a document entitled "Administrative Notice, Demand and Judicial Notice For: Service of Default Upon Respondents (Through Third Party) By UPS Registered Mail No: RE 215922899; US; and Hand Delivery of 'Federal Question/Diversity of Citizenship and Demand for Common Law Venue' Affidavit" (*Finno*, ECF Dkt. No. 54), to which defendants replied, on December 30, 2016 (*Finno*, ECF Dkt. No. 56; *Nieves*, ECF Dkt. No. 42).

## Standard of Review

Under Rule 41(b), a district court may "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citations omitted). "Courts have repeatedly found that '[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives.'" *Robinson v. Sposato*, No. 13-cv-3334, 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014) (alteration in original) (quoting *Yulle v. Barkley*, No. 9:05-cv-802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007)). In evaluating a Rule 41(b) motion to dismiss for failure to prosecute, the motion court must consider whether "(1) the

4

plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion[, which must be] carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions." *Lewis v. Rawson*, 564 F.3d 569, 576, 583 (2d Cir. 2009) (affirming dismissal with prejudice) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor, of course, is dispositive. *Id.* at 576 (citing *Drake*, 375 F.3d at 254).

Similarly, Rule 37(b)(2)(A)(v) provides that, "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court . . . may," among other things, "dismiss[ ] the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). "The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (citations omitted). The non-exhaustive factors to be considered, under Rule 37(b)(2)(A)(v), are cut from the same cloth as their Rule 41(b) counterparts: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (alteration in original) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).

Discussion

Given the letter and spirit of both Rule 41(b) and Rule 37(b)(2)(A)(v), it is obvious that these two actions should be dismissed for failure to prosecute. To this day, Sage-El has yet to

5

comply with Magistrate Judge Tiscione's July 13, 2016 and August 19, 2016 discovery orders—the latter of which required him to produce his Rule 26(a) initial disclosures nearly eight months ago. Indeed, he has failed to provide any discovery whatsoever to defendants. Plaintiff also failed to appear—without any explanation—for the most recent status conference before Judge Tiscione, which was held, in his absence, on November 16, 2016.

Plaintiff's recalcitrance has kept both of these actions stalled at the starting line for almost a year. *See Antonio v. Beckford*, No. 05-cv-2225, 2006 WL 2819598, at *2 (S.D.N.Y. Sept. 29, 2006) (collecting cases that were dismissed for delays of three months or longer). This delay is prejudicial to defendants, who seek their own day in court, and who have been diligently working toward the timely progression of these actions. *See, e.g., Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) ("'[p]rejudice to defendants resulting from unreasonable delay may be presumed' . . . because delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult" (citations omitted)). Pre-trial delay is also prejudicial and costly to the court, as the continued maintenance of these actions unjustifiably drains limited judicial resources.

Sage-El has been repeatedly warned that his continued failure to prosecute these actions could result in both of them being dismissed for failure to prosecute. Judge Tiscione warned him clearly of this potential outcome verbally, during the August 19, 2016 conference, and again in writing, in the minute entry that was docketed and mailed to him, on that same day. In addition, this Court expressly ordered Sage-El to show cause as to why defendants' motions to dismiss for want of prosecution should not be granted, which put him on notice once again that these cases were at risk of being dismissed due to his dilatory conduct. *See, e.g., Storey v. O'Brien*, 482 F. App'x 647, 649 (2d Cir. 2012) (affirming dismissal for failure to prosecute where district court

6

warned plaintiffs on "two occasions that failure to follow court orders could result in appropriate sanctions, including, the warning, by its order to show cause, that further delays may result in a dismissal").

In spite of these numerous warnings of imminent dismissal, Sage-El has provided no coherent explanation for his contemptuous behavior. Nor has he given any indication that he ever will comply with Judge Tiscione's outstanding discovery orders or otherwise participate in the timely progression of these actions that he has brought. What is more, he has not offered any reason as to why defendants' motions to dismiss for failure to prosecute should not be granted. The only "document" that he filed in the wake of the Court's Order to Show Cause does not even address defendants' motions to dismiss. *See Finno*, ECF Dkt. No. 54. Instead, Sage-El's perplexing filing purports to advance motions for default judgment and summary judgment in his favor, which are, needless to say, utterly without merit, given that defendants timely appeared and filed answers in both actions and discovery has—due to Sage-El's stonewalling—barely even begun. *See id.*

In light of Sage-El's persistent and obviously intentional disregard of court orders, his refusal to engage in discovery, his unexplained absence at the last status conference, and his failure to show any reason as to why these actions should not be dismissed for failure to prosecute, it is clear that no sanction less than dismissal would meet the ends of justice long frustrated by his stubborn disregard of procedure and the litigation obligations a plaintiff takes on by filing a lawsuit. This conclusion is made especially obvious by Sage-El's dogged refusal even to acknowledge Magistrate Judge Tiscione's lawful authority to preside over discovery, which makes it impossible to imagine that he ever would diligently prosecute these cases at any point in the future. *See Musgrave v. Wolf*, 136 F. App'x. 422, 424 (2d Cir. 2005) (affirming

7

dismissal of *pro se* action for failure to comply with discovery orders where the district court fairly concluded that plaintiff "was unlikely to comply in the future," given "[plaintiff's] consistent attitude . . . that no determination of the Magistrate Judge or the District Court was decisive or binding," which "plainly went beyond any confusion about the law such as a good faith *pro se* litigant might have, and instead reflected a refusal to recognize the court's authority"). Given this history and these circumstances, dismissal for failure to prosecute is the inevitable—and the only appropriate—remedy. No remedy short of dismissal could provide the relief that justice and fairness require.

## Conclusion

In line with the foregoing, defendants' motions to dismiss for failure to prosecute (*Finno*, ECF Dkt. No. 49; *Nieves*, ECF Dkt. No. 36) are granted, and both cases are dismissed, with prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to enter judgment in each case accordingly, and to close both cases.

So Ordered.

Dated: Brooklyn, New York
       April 15, 2017

                                              /s/ USDJ ERIC N. VITALIANO
                                                 ERIC N. VITALIANO
                                                 United States District Judge